IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV255-1-MU

| | |
|---|---|
| JACK MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SIDNEY HARKLEROAD, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed October 30, 2006.

## PROCEDURAL HISTORY

On August 8, 2003, in the Superior Court of Buncombe County, Petitioner was convicted, after trial by jury, of two counts of second-degree rape, one count of first-degree kidnaping, possession of cocaine, possession of drug paraphernalia, habitual misdemeanor assault. Having achieved the status of habitual felon, Petitioner was sentenced to two consecutive terms of 133-169 months for each rape conviction; 133-169 months for kidnaping to run concurrently to the rape sentences; and 133-169 months for habitual misdemeanor assault to run consecutively after the possession of cocaine sentence. The North Carolina Court of Appeals issued a published opinion finding no prejudicial error in the convictions but remanded the case for resentencing on the second-degree kidnaping conviction because one of the rape convictions was erroneously used to elevate that sentence. On October 31, 2005, Petitioner was resentenced on the kidnaping

count to one concurrent sentence of 133-169 months.

On November 8, 2005, Petitioner filed a pro se Motion for Appropriate Relief (MAR) in the Superior Court of Buncombe County. On November 17, 2005, Petitioner's MAR was summarily denied. On May 8, 2006, Petitioner filed a pro se Petition for Motion of Appropriate Relief/Certiorari and related documents in the North Carolina Supreme Court. On June 7, 2006, Petitioner filed a pro se amendment. On June 29, 2006, the North Carolina Supreme Court allowed Petitioner to proceed in forma pauperis and dismissed his Petition for Motion of Appropriate Relief/Certiorari. On July 3, 2006, Petitioner filed another pro se amendment to MAR/Certiorari petition in the North Carolina Supreme Court which was denied on July 26, 2006.

On August 22, 2006, Petitioner filed the instant federal habeas petition. In his federal habeas petition, Petitioner alleges that: 1) trial counsel was ineffective and operated under a conflict of interest; 2) he received ineffective assistance of counsel because the trial court refused to appoint him reappoint counsel, hear notice to dismiss, and allow self-representation; 3) appellate counsel was ineffective and operated under a conflict of interest; 4) he was denied his right to appeal.

## **ANALYSIS**

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526

U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he directly appealed his case to the North Carolina Court of Appeals. He does not indicate that he filed a petition with the North Carolina Supreme Court to review the denial of his direct appeal. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process. Petitioner indicates on his petition form that he filed a Motion for Appropriate relief with the superior Court. Petitioner did not, however, file an appeal of the denial of his MAR with the North Carolina Court of Appeals.[1] Consequently, Petitioner did not exhaust his claims through the state post-conviction process.

The Court therefore agrees with Respondent that Petitioner has failed to fully exhaust his state court remedies. Consequently, this Court will dismiss Petitioner's federal habeas petition.

---

[1] Petitioner did file a Motion of Appropriate Relief/Certiorari petition in the North Carolina Supreme Court. Appeals of the denial of an MAR should be filed in the North Carolina Court of Appeals. See N.C.R. App. P., Rule 21(e) and N.C.G.S. § 15A-1422(c)(3). Consequently, Petitioner's appeal of his MAR was not properly filed and he did not fully exhaust his state court remedies.

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: January 17, 2007

Graham C. Mullen
United States District Judge